UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-167-GWU

THOMAS WESLEY RICHARDS,                                                 PLAINTIFF,

VS.                        **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                 DEFENDANT.

## INTRODUCTION

Thomas Richards brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on the defendant's motion for a remand for further consideration and the plaintiff's motion for an award of Social Security benefits.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

1

> 3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.
>
> 4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.
>
> 5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Richards, a 33-year-old former automobile detailer with a high school education, suffered from impairments related to insulin dependent diabetes mellitus with early peripheral neuropathy, a depressive disorder, a history of marijuana and alcohol abuse allegedly in remission, borderline intellectual functioning and osteoarthritis of the knees. (Tr. 49, 52).  The ALJ also noted that at the time of the administrative hearing, the claimant was working part-time as a pizza deliveryman.  (Tr. 52).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that the claimant retained the residual functional capacity to perform light level work, restricted from a full range by (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to ever operate foot controls; (3) an inability to tolerate frequent changes in work routines; (4) a need to avoid exposure to concentrated dust, gases, smoke, odors, temperature extremes, poorly ventilated areas and work at heights or around industrial hazards; (5) an inability to more than occasionally perform work requiring pushing/pulling, overhead work with the upper extremities, bending, stooping, crouching, and climbing stairs or ramps; (6) an inability to more

than occasionally interact more than superficially with the general public; and (7) an inability to perform prolonged walking with no standing in excess of 45 minutes without interruption. (Tr. 50, 52). Since the available work was found to constitute a significant number of other jobs in the national economy, Richards could not be considered totally disabled. (Tr. 53). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Id.).

Dr. Richard Hall, a treating physician, identified a number of very severe physical restrictions on a Residual Functional Capacity Assessment Form dated in March of 2008. These were far more severe than those found by the ALJ and included an inability to sit or stand/walk for more than two hours a day each. (Tr. 690-694). Such a restriction would preclude performance of full-time work. As a treating source, Dr. Hall's opinion would normally be entitled to superior weight and the administrative regulations at 20 C.F.R. § 404.1527(d)(2) require the ALJ to give "good reasons" when the opinion of a treating source is not given controlling weight. The Sixth Circuit Court of Appeals has held that the failure of an ALJ to follow this regulation constitutes reversible error. <u>Wilson v. Commissioner of Social Security</u>, 378 F.3d 541, 544 (6th Cir. 2004). In the present action, the ALJ did not indicate what weight was given to Dr. Hall's opinion and the ALJ did not identify the "good reasons" why he felt the opinion was not entitled to superior weight. (Tr. 46-54).

The defendant concedes that the administrative decision is not supported by substantial evidence due to the ALJ's failure to address Dr. Hall's March, 2008 assessment. Therefore, the only issue presented to the court concerns whether the action should be remanded to the administration for further consideration as requested by the defendant or whether the current record mandates an immediate award of Social Security benefits as asserted by the plaintiff.

The undersigned agrees with the defendant that a remand of the action for further consideration is the appropriate remedy. As noted by the defendant, a judicial award of benefits is only proper where the proof of disability is overwhelming or the proof of disability is strong and contrary evidence lacking. Faucher v. Secretary of Health and Human Services, 17 F. 3d 171, 176 (6th Cir. 1994) citing Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985). For a court to make an immediate award of disability benefits, all essential factual issues need to have been resolved and the record adequately establishes a claimant's entitlement to benefits. Newkirk v. Shalala, 25 F.3d 316, 318 (6th Cir. 1994).

In the present action, while the ALJ did not address the March, 2008 opinion issued by Dr. Hall, the ALJ did note reasons why less severe functional limitations issued by the physician in February of 2007 (Tr. 488-492) were not well-supported, including the plaintiff's ability to perform part-time work requiring driving, handling money, operating a cash register and cooking pizzas as well as his daily activities

9

which included fishing, visiting others, going to movies and working in the Special Olympics.  (Tr. 52).  Arguably, these factors could also apply to the March, 2008 restrictions giving the ALJ grounds to find that the opinion was not binding.  Thus, the March, 2008 assessment would not necessarily be entitled to controlling weight and a remand of the action for further consideration would allow this essential factual determination to be made.

The current record also contains the opinion of Dr. James Owen who examined Richards and diagnosed severe brittle diabetes, gastroesophageal reflux disease, and shortness of breath of unknown etiology.  (Tr. 383).  Dr. Owen opined that the plaintiff would be "moderately" limited in lifting, handling and carrying objects as a result of his impairments.  (Id.).  These are far less severe restrictions than found by Dr. Hall.

Dr. Carlos Hernandez reviewed the record and opined that Richards would be limited to light level work, restricted from a full range by such non-exertional limitations as an inability to more than frequently climb ladders, rope and scaffolds, a limited ability to perform gross manipulation, and a need to avoid concentrated exposure to temperature extremes and hazards.  (Tr. 474-481).  These are also far less severe functional restrictions than those found by the treating source.  Therefore, the record in favor of disabled status is not overwhelming.

Review of the record indicates that not all essential factual questions have been resolved and the evidence concerning disabled status is not overwhelming. Therefore, the court finds that a remand for further consideration is required rather than a remand for the award of disability benefits. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 9th day of February, 2011.

Signed By:
*G. Wix Unthank*
**United States Senior Judge**